■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD ADAMS, Appellant.—Appeal from a judgment of the County Court of Greene County, rendered March 20, 1975, convicting defendant, upon a plea of guilty, of the crime of riot in the first degree in violation of section 240.06 of the Penal Law. The defendant contends that his plea was induced because of inadequate representation by counsel and specifies that this occurred because counsel was assigned soon after arraignment on March 12, 1974 and he did not confer with counsel until December 6, 1974. In his brief the defendant states that counsel did not become familiar with the facts of his case and possible defense and he pled guilty out of despair. The record contains no facts which would support the allegations of the defendant. When his plea of guilty was entered, the court asked him if he had time to consult with counsel and was satisfied with counsel and he replied "yes". Furthermore, the plea to one count of riot disposed of a five-count indictment. The appeal has no apparent merit. Judgment affirmed. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE BODDINGHAM, Appellant, v J. EDWIN LA VALLEE, as Superintendent of Clinton Correctional Facility, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered March 5, 1975 in Clinton County, which denied a writ of habeas corpus, without a hearing. On November 15, 1973, petitioner was convicted on a plea of guilty of robbery in the second degree and was sentenced by the Supreme Court, Queens County. On February 15, 1974 the Supreme Court in Queens County resentenced the petitioner. By petition dated February 5, 1975 the petitioner sought a writ of habeas corpus contending that his sentence was illegally imposed in that, at the resentencing, he was not allowed to exercise his right of allocution under CPL 380.50. As pointed out by the court at Special Term, the preferred remedy is a motion before the sentencing court to set aside the sentence pursuant to CPL 440.20. Furthermore, even if petitioner's substantive allegations entitle him to some relief, it is clear that he would be entitled only to a remand for resentencing, and not be released from incarceration. Therefore, a writ of habeas corpus would not be warranted. Judgment affirmed, without costs. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.